SNEED, J.,
delivered the opinion of the court.
The question in this case, arises under the provisions of our law for the protection of the homestead. Under the provisions of the Code, sec. 2114, “the homestead of every housekeeper or head of a family residing in this State, to the value of five hundred dollars, consisting of a dwelling house and outbuildings and the land appurtenant, occupied by such person as-a homestead, shall be exempt from attachment and execution for the debts of every such housekeeper or head of a family.” ' ' .
The Constitution of 1870, Art. 11, p. 11, contains this provision: “A homestead, in the possession of *519 each head of a family, and the improvements thereon,, to the value in all, of one thousand dollars, shall be exempt from sale under legal process, during the life of such head of a family, to inure to the benefit of the widow, and shall be exempt during the minority of their children occupying the same — nor shall said l>roperty be alienated without the joint consent of husband and wife, when that .relation exists. This exemption shall not operate against public taxes, nor debts contracted for the purchase money of such homestead, or improvements thereon.'” In pursuance of this provision, the Act of 1870, ch. 80, p. 1, embodies, substantially the terms and restrictions of the constitutional provisions above cited. The complainant alleges that for ten years he had owned in fee a lot of ground in Morristown, where he resides, containing one-half acre, of less value than five hundred dollars,, and which is the only real estate he owns — that the-lot is enclosed by a fence — that he is the head of a family living in a rented house in said town, but'that he has used and occupied said lot for several years-as a garden, which he has cultivated for the support of his family — and that the same has no residence house upon it. That this lot has been levied upon-for the satisfaction of certain debts of his — and that, the same is exempt from sale under said levy under the exemption laws. The defendants, the creditors, demurred upon the ground that the bill shows that the lot in question was not occupied by the complainant as a homestead, in the sense of the exemption laws. The demurrer was sustained by the Chancellor and the *520 bill dismissed. The complainant appealed. We are of opinion that the demurrer was not well taken. It has' come to be the settled policy of judicial rulings in this State, to construe our humane system of exemption laws with an enlarged liberality, that the remedy and benefaction intended for the protection of the poor may be advanced rather than embarrassed by construction. And the spirit rather than the letter of these beneficent laws is to be looked to as the just criterion of interpretation. The policy of the homestead law is not alone to be. commended for its humanity, but it may be defended on other grounds referable to the welfare of the State and the general happiness and prosperity of the people. Whether the protection of the poor was the object or the incident ■of the law, it is apparent that the effect of it is, to domiciliate the people, and thus subserve an important principle in public economy, in securing a fixed and permanent population, upon which, in every form of government, depends the best interests of the body politic.
The complainant in this case had owned in fee, and actually used and occupied the premises in question for many years — but he did not actually reside upon the lot — but it seems he was under the necessity of living in a rented tenement. A neighbor of his, who more favored of fortune had been able to build a cabin upon his own half-acre lot, would be protected, under the homestead law; and why may not the complainant also, whose whole . estate is in his little garden — but who perhaps by the very penury *521 which has invoked the compassion of the law, has thus far been prevented from improving his estate by the erection of a residence upon it? The homestead, in its technical sense, is defined to be the “home place,” or “ the place of the house.” 1 Bouv., L. D., 670. The word “homestall” is used in the ancient law to designate the mansion house. Id. It will be observed that the phraseology 'of the Code, which designates “the dwelling house and outbuildings and land appurtenant occupied by the person as a homestead,” has been materially modified and changed by the provision of the Constitution and law of 1870, by the substitution of the word possession, to that of “occupancy.” Under the latter, a homestead “in the possession of each head of a family,” and the improvements thereon to the value of one thousand dollars, shall be exempt. We are to construe these laws together, and give the objects of the legislative bounty the benefit of these modifications. Under the former law actual occupancy was essential, while under the latter a possession merely will suffice. The object was to give to the poor man a spot of earth upon which to subsist his family, and under the last expression of the legislative will, this right is not made to depend upon his ability to erect a shelter for his household, but upon the actual possession of the land and the use of it for the purposes of subsistence. The first statute undertakes to restrict the homestead and define it as consisting of “a dwelling house and outbuildings and the land appurtenant” — while the latter protects the “possession” of a parcel of land and the “improve *522 ments thereon.” It certainly could not have been intended, under the latter law, to ostracise the poor man from its benefits, simply because the land upon which he earns his daily bread had no house upon it. If it be improved, he is entitled to the improvements; if it be not improved and he is compelled by his poverty to occupy rented premises, then under this law, the usufruct of the soil by which his family is maintained must be held to fix the homestead intended to be protected. This, we think, is the spirit of the law, and we therefore hold that the possession and use of the land, whether it be improved and resided upon or not, or whether, in the language of the ancient law, it be a “messuage or a croft,” is none the less a homestead in the sense of the statute, and is protected under the law. We have held, at the present term, that this protection is not to operate against debts contracted before the statute was enacted. Whether the debts in question are of this class or not, is not in issue before us.
The decree will be reversed and the cause remanded for answer and further proceedings.